### CITIZENS' SAV. BANK v. FOSTER.

#### (Supreme Court, Special Term, New York County. January, 1889.)

MORTGAGES—RIGHTS OF JUNIOR MORTGAGEES.

    Where a first mortgagee sells the mortgaged premises on foreclosure, but the purchase has not been completed, he may be required, on the motion of a junior mortgagee, and on payment of the amount of the first mortgage, with interest and costs, to assign it to the junior mortgagee.

At chambers. Motion to compel assignment of a mortgage.

Action by the Citizens' Savings Bank, first mortgagee, against Charles J. Foster, and Conrad Stein and John B. Hillyer, second and third mortgagees, to foreclose a mortgage made by Foster to it. The premises were sold under a judgment in the action, but the purchase was not completed. John B. Hillyer moved that plaintiff should be directed to assign the mortgage owned by it to the Central Trust Company on payment of the amount due thereon. The moving affidavit stated that the purchaser at the sale was negotiating with the Central Trust Company to obtain a loan upon the premises for the purchase price, which the company agreed to do if the first mortgage was assigned to it, and that defendant Hillyer did not bid at the sale, thinking that such assignment of the first mortgage would be accomplished.

*Theodore F. Miller*, for the motion. *John W. Pirsson*, contra.

PATTERSON, J. On considering all the circumstances disclosed in these papers, it seems to me the court should interfere for the protection of the junior mortgagees. The relief sought may be granted on motion. *Welling v. Ryerson*, 94 N. Y. 103. All that the first mortgagee ought to ask is the payment in full of its mortgage, interest and costs, and, those amounts being paid, the third mortgagee is entitled to an assignment of the mortgage, and decree to protect his rights. The only answer made to the application is that an actual tender has not been made by the third mortgagee, but that is not a controlling circumstance to defeat this application, as one was virtually made by Bauer in the interest of the moving party. There is no substantial reason given why the relief here sought should not be allowed, and the motion is granted on condition that payment of the first mortgage in full, with all accumulations of interest, costs, and allowances, and $10 costs of this motion, be made within three days after the entry of the order hereon. Ordered accordingly.

---

### *In re* KING, Police Justice.

#### (Supreme Court, General Term, Fifth Department. June 22, 1889.)

1. POLICE JUSTICES—REMOVAL—JURISDICTION OF SUPREME COURT.

    Const. N. Y. art. 6, § 18, provides that justices of the peace, and justices and judges of inferior courts not of record may be removed for cause by such courts as may be prescribed, and Code Crim. Proc. N. Y. § 132, designates the general term of the supreme court as the court to make such removals. *Held*, that the charter of the city of Buffalo, (Laws N. Y. 1870, c. 519, tit. 2, § 24, as amended by Laws N. Y. 1886, c. 17,) which authorizes the mayor to remove the police justice of that city, does not oust the supreme court of jurisdiction.