### MABBETT et al. v. MABBETT et al.

(Supreme Court, Appellate Division, Third Department.    May 4, 1898.)

1. WILLS—CONSTRUCTION—ACTION BY EXECUTOR.

Where mortgaged real estate is left by a testator, to be used by two brothers during life, and after their death to executors, to sell and divide the proceeds as provided by the will, the executors have sufficient interest to enable them to maintain an action to compel an assignment of the mortgage on payment of the debt, in order to prevent foreclosure, and thus save the estate from loss, and carry out the intention of the testator.

2. SAME—ASSIGNMENT OF MORTGAGE.

Where foreclosure of a mortgage upon real estate of a testator will result in loss to the estate, the court has power to order an assignment of the mortgage, on payment of the debt, in a suit by the executors of the estate.

Appeal from special term, Saratoga county.

Action by John H. Mabbett and others, as executors of the estate of Joseph M. Mabbett, against Stewart L. Mabbett and another, as executors of said estate, and Williard Lester, as trustee of the estate of Benjamin G. Scribner, and others. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiffs appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Edgar T. Brackett (Walter P. Butler, of counsel), for appellants. James W. Lester (Charles S. Lester, of counsel), for respondents.

HERRICK, J. The only ground of demurrer pressed upon us in this appeal is the fourth,—that "the complaint does not state facts sufficient to constitute a cause of action." It does not seem to me very material to a decision of this case to consider in whom the title to the real estate left by the testator vested. His intention evidently was to furnish a home for his brothers, Jacob G. and Stewart L., during their lifetime, upon real estate owned by him, and that the executors should at least have a general supervision over such real estate during their lives, and upon their decease to sell it, and divide the proceeds as specified in the will. If this foreclosure and sale take place, these intentions of the testator will necessarily be defeated. The plaintiffs have an interest, as executors, in carrying into effect the intentions and desires of their testator, and in preventing their defeat. The bond accompanying the mortgage now under foreclosure was the personal bond of the deceased. Any deficiency upon the sale will be payable out of the estate in the hands of the executors, if any is left. Glacius v. Fogle, 88 N. Y. 434. There is a liability, at least, that the ex-

ecutors should endeavor to guard against. It is the duty of the executors to endeavor to protect the estate in their hands, and it is the duty of a court of equity to assist these executors in carrying into effect the intentions of the testator, and to aid them in protecting the estate. The only thing that the holder of the bond and mortgage is entitled to is its payment, with the interest, and any costs or disbursements that have been made or incurred in attempting to enforce its collection. It appears from the complaint that there is not sufficient personalty in the hands of the executors to pay the amount due upon the mortgage, and the only way in which a sale of the real estate can be stopped is by procuring a transfer of the mortgage. Thus, the executors, I think, have sufficient interest, for the reasons above suggested, to entitle them, upon paying, or procuring to be paid, to the holder of the mortgage, the amount due to him upon it, to an assignment of it, if it is within the power of the court to compel such an assignment. It is a power that is frequently exercised by the court. Platt v. Brick, 35 Hun, 121; Bayles v. Husted, 40 Hun, 376; Welling v. Ryerson, 94 N. Y. 98. It seems to me that this is a proper case in which to exercise that power. The holder of the mortgage will receive all he is entitled to, and the executors will be placed in a position to protect the estate.

The judgment should therefore be reversed, with costs and disbursements of this appeal, the demurrer overruled, and judgment directed for the plaintiffs, with costs, with permission to the defendants to withdraw such demurrer, and interpose such further and other pleading as they may be advised, upon payment of costs within 20 days after the service upon them of a copy of the order herein. All concur.