JOHN H. MABBETT and Others, as Executors of and Trustees under the Last Will and Testament of JOSEPH M. MABBETT, Deceased, Appellants, *v.* MYRTLE E. MABBETT, as Executor of and Trustee under the Last Will and Testament of JOSEPH M. MABBETT, Deceased, Respondent, Impleaded with STEWART L. MABBETT, as Executor of and Trustee under the Last Will and Testament of JOSEPH M. MABBETT, Deceased, and Others.

*Mortgage — when executors are entitled to compel an assignment of a bond and mortgage executed by their testator.*

Where a testator in his lifetime executed a bond and a mortgage, upon the foreclosure of which any deficiency would be payable out of his estate in the hands of his executors, a court of equity, where there is not sufficient personalty in the hands of the executors to pay the amount due upon the bond and mortgage, and it appears that a foreclosure and sale will defeat certain intentions of

the testator expressed in his will, will require the holder thereof to assign the same to the executors, or to some person designated by them, upon receiving the amount due thereon.

APPEAL by the plaintiffs, John H. Mabbett and others, as executors of and trustees under the last will and testament of Joseph M. Mabbett, deceased, from an interlocutory judgment of the Supreme Court in favor of the defendant, Myrtle E. Mabbett, as executor of and trustee under the last will and testament of Joseph M. Mabbett, deceased, entered in the office of the clerk of the county of Saratoga on the 22d day of November, 1897, upon the decision of the court rendered after a trial at the Saratoga Special Term sustaining the said defendant's demurrer to the plaintiffs' complaint.

The prayer for relief in the complaint in this action asks that the defendant Willard Lester be required to assign to the plaintiffs, or one of them, or to some person to be named by them, a bond and mortgage, upon receiving the amount of a certain mortgage and interest and costs, and all expenses due on said mortgage, and that until such assignment is made he be restrained and enjoined from selling the mortgaged premises under said mortgage.

*Edgar T. Brackett* and *Walter P. Butler*, for the appellants.

*James W. Lester & Charles S. Lester*, for the respondents.

HERRICK, J. :

The only ground of demurrer pressed upon us in this appeal is the fourth, that " the complaint does not state facts sufficient to constitute a cause of action."

It does not seem to me very material to a decision of this case to consider in whom the title to the real estate left by the testator vested.

His intention evidently was to furnish a home for his brothers, Jacob G. and Stewart L., during their lifetime, upon real estate owned by him, and that the executors should at least have a general supervision over such real estate during their lives, and have power upon their decease to sell it and divide the proceeds as specified in the will. If this foreclosure and sale takes place these intentions of the testator will necessarily be defeated. The plaintiffs have an interest as executors in carrying into effect the intentions and desires of their testator and in preventing their defeat.

The bond accompanying the mortgage now under foreclosure was the personal bond of the deceased.

Any deficiency upon the sale will be payable out of the estate in the hands of the executors, if any is left. (*Glacius* v. *Fogel*, 88 N. Y. 434.)

That is a liability at least that the executors should endeavor to guard against.

It is the duty of the executors to endeavor to protect the estate in their hands, and it is the duty of a court of equity to assist the executors in carrying into effect the intentions of the testator and to aid them in protecting the estate.

The only thing that the holder of the bond and mortgage is entitled to is its payment, with the interest, and any costs or disbursements that have been made or incurred in attempting to enforce its collection.

It appears from the complaint that there is not sufficient personalty in the hands of the executors to pay the amount due upon the mortgage; the only way in which a sale of the estate can be stopped is by procuring a transfer of the mortgage. The executors, I think, have sufficient interest, for the reasons above suggested, to entitle them, upon paying, or procuring to be paid, to the holder of the mortgage the amount due to him upon it, to an assignment of it, if it is within the power of the court to compel such assignment.

It is a power that is frequently exercised by the court. (*Platt* v. *Brick*, 35 Hun, 121; *Bayles* v. *Husted*, 40 id. 376; *Welling* v. *Ryerson*, 94 N. Y. 98.)

It seems to me that this is a proper case in which to exercise that power.

The holder of the mortgage will receive all he is entitled to, and the executors will be placed in a position to protect the estate.

The judgment should, therefore, be reversed, with costs and disbursements of this appeal, the demurrer overruled and judgment directed for the plaintiffs, with costs, with permission to the respondent to withdraw such demurrer and interpose such further and other pleading as she may be advised, upon payment of costs within twenty days after the service upon her of a copy of the order herein.

All concurred.

Judgment reversed, with costs and disbursements of this appeal, and the demurrer overruled and judgment directed for the plaintiffs, with costs, with permission to the respondent to withdraw such demurrer and interpose such further or other pleading as she may be advised upon payment of costs within twenty days after a service upon her of a copy of the order herein.