(54 App. Div. 14.)

## CLEVELAND et al. v. ROTHWELL.

(Supreme Court, Appellate Division, Third Department.  September 25, 1900.)

1. MORTGAGES—FORECLOSURE—TENDER—WAIVER.

Where, in an action to foreclose a mortgage on decedent's real estate, plaintiffs absolutely refuse to assign the mortgage to a sole devisee, on her offering to pay the full amount of the mortgage and the accrued costs, such refusal obviates the necessity of an actual tender.

2. SAME—ASSIGNMENT—RESIDUARY DEVISEE.

In an action to foreclose a mortgage on decedent's real estate, a sole devisee is entitled to an assignment of the mortgage and an order discontinuing the action, on payment of the full amount of the mortgage and the accrued cost.

Appeal from special term, Chemung county.

Action by Thurlow W. Cleveland and others against Nellie Rothwell, individually and as executrix of Jane E. Gregg, deceased, to foreclose certain mortgages. From an order denying defendant's motion to compel plaintiffs to assign to her, or to some person for her benefit, the mortgages sought to be foreclosed, and for an order directing the discontinuance of the action, defendant appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

John C. Dyott, Jr., for appellant.

Frank C. Ogden, for respondents.

PER CURIAM. The appeal in this case and in the case of Wells against the same defendant (66 N. Y. Supp. 1148) brings up for our consideration the question whether the residuary devisee of the mortgagor is entitled, upon payment, to have an assignment of mortgages that have been given by the decedent upon real estate owned by her at the time of her death. Prior to June, 1900, Jane E. Gregg died leaving certain real estate upon which she had given three mortgages, one of which, for about $1,000, is held and being foreclosed in this action by the plaintiffs, and the other two, for a like amount, are held and being foreclosed by the plaintiff in the Wells action. The decedent left a will, in which the defendant, Nellie Rothwell, was the sole devisee, and was also named as executrix. The will was duly probated, and letters testamentary issued to the said defendant on the 18th of June, 1900. The plaintiffs' attorney in the two foreclosure actions acted for the estate of the decedent in the proof of the will. Immediately after the proof of the will there was a disagreement between the attorney and the executrix as to the management of the estate. The attorney claimed that he was familiar with the business of the decedent, and had acted for her for several years, and could manage, dispose of, and close out the estate for the best interests of the creditors and of the devisee. For that purpose he wanted the title of the real property placed in his control. This the executrix and devisee declined to do, and the attorney declined to further act for the estate, and informed the executrix that he would represent the creditors, who were mostly his clients. Thereupon, on the 20th of June, 1900, evidently at the instigation and procurement of the attorney, the

two foreclosure actions were commenced. The real estate covered by the mortgages was substantially all the property left by the decedent. Soon after the suits were commenced the defendant, or some one on her behalf, applied to the plaintiffs in the actions, or their attorney, for an assignment of the mortgages to her, or to some one in her interest. There was evidently an offer to pay the full amount of the mortgages and the costs that had accrued. No actual tender was made, but the plaintiffs, or their attorney, who had full charge of the matters, refused absolutely to make any assignment. This obviated the necessity of an actual tender. Baumann v. Pinckney, 118 N. Y. 604–616, 23 N. E. 916, and cases cited.

The defendant is not an heir at law of the decedent. Under the will, if that stands, she has the title, and is interested to realize as much as possible after the payment of the debts. The plaintiffs cannot complain if they get full payment of their mortgages. The rights of general creditors are not prejudiced, and their remedies are not affected.

These actions, in some of their features, are somewhat similar to the case of Bayles v. Husted, 40 Hun, 376, where an assignment was ordered on payment of the mortgage, and a discontinuance of the foreclosure action was directed, without costs.

Under the circumstances shown in the record before us, we are of the opinion that the defendant, being the devisee of the title, and having a right to have her interests protected, is entitled to an assignment of the mortgages and accompanying bonds upon payment of the amount thereof, with interest to the time of payment, and costs to the extent of $15 in each action; the assignment, if desired by the defendant, to be made to such person as she may designate (Twombly v. Cassidy, 82 N. Y. 155), the payment to be made within a time to be fixed by the order, and upon such payment the actions to be discontinued without further costs. Order reversed, with $10 costs and disbursements, and motion for assignment and discontinuance granted, upon terms stated in the opinion.

Order to be settled before SMITH, J.

Similar order in Wells v. Rothwell.