(42 Misc. Rep. 377.)

## BERNHEIMER & SCHWARTZ PILSENER BREWING CO. v. H. KOEHLER CO.

(Supreme Court, Special Term, New York County. January, 1904.)

1. CHATTEL MORTGAGE—FORECLOSURE—INJUNCTION.

　　Where a junior chattel mortgagee tenders to a senior chattel mortgagee the amount due under the mortgage at the time of its execution, the exact amount due thereunder being disputed, the mortgagee claiming that it was to cover future advances, the tender is sufficient to give the junior mortgagee a right to sue to compel the senior mortgagee to cancel the mortgage on payment of the debt, where the junior mortgagee brings into court the money tendered, and an affidavit offering present payment of such sum, and security for the balance in dispute, so as to authorize injunction against the foreclosure of the senior mortgage.

Action by the Bernheimer & Schwartz Pilsener Brewing Company against the H. Koehler Company. Motion to continue the preliminary injunction. Granted.

Rose & Putzel, for plaintiff.
Myers & Goldsmith, for defendant.

LEVENTRITT, J. This is a motion to continue a preliminary injunction. The plaintiff is a junior chattel mortgagee, and by its complaint seeks, first, to compel the defendant, who is the senior mortgagee, to assign or cancel the mortgage held by it upon payment of the sum alleged by the plaintiff to be due thereunder; and, secondly, to restrain foreclosure. There is a dispute as to the amount due, the defendant claiming that one of the clauses of the mortgage was effective to cover indebtedness accruing after the execution of the mortgage in an amount in excess of that for which the chattel security was given. The plaintiff, maintaining that the liability was measured by the amount of money advanced by the defendant at the time of the execution, less the amount of payments made thereafter, tendered to the defendant on the 30th day of November, 1903, the difference between the two sums. Tender was made by check, but it appears sufficiently that no objection was made on that score. The tender was not kept good by payment into court, although on December 2, 1903, the day before the preliminary injunction was granted, the plaintiff offered to pay the defendant the amount in cash, and to make certain other payments, with which we are not here concerned. The order to show cause herein, as originally drafted, prayed leave to deposit with the City Trust Company, to the credit of this action, the sum claimed by the plaintiff to be due; but the provision was stricken out. The complaint contains an allegation bringing the money into court, while the plaintiff's affidavit offers a present payment of that sum, and a bond or deposit of an additional sum to the credit of the action to cover the maximum amount claimed by the defendant. The defendant claims that the preliminary injunction should be vacated, as the tender was insufficient, and was not kept good. Whether the plaintiff's or the defendant's contention as to the amount due under the clause in dispute is correct must be finally determined on the trial, although it is difficult to see how the defendant can establish its claim. If the tender were relied on to discharge the

lien, or affect the debt, a different question would be presented than that which I take it is here involved.   This is not a case where the plea of tender is interposed as a defense to a suit in foreclosure, with the effect of discharging the lien, even though the tender be not kept good. Kortright v. Cady, 21 N. Y. 343, 78 Am. Dec. 145; Nelson v. Loder, 132 N. Y. 288, 30 N. E. 369; nor is this a case, so far as the preliminary injunction is concerned, where affirmative relief is prayed, in which event the tender must be kept good.   Tuthill v. Morris, 81 N. Y. 94; Nelson v. Loder, supra.   The tender here is relied on primarily to give the junior incumbrancer a standing in equity, to show, in connection with the other circumstances of the case, his desire to do equity; and, without passing on the question whether tender was necessary at all, it was certainly effective, under the authorities, to give him that standing.   Thomas, Mort. (2d Ed.) 282; Frost v. Yonkers Savings Bank, 70 N. Y. 553, 558, 26 Am. Rep. 627; Day v. Strong, 29 Hun, 505; Casserly v. Witherbee, 119 N. Y. 522, 23 N. E. 1000; Lewis v. Wilson, 62 Hun, 622, 17 N. Y. Supp. 128.   In Frost v. Bank, supra, where there was an insufficient tender by a junior mortgagee to discharge the lien, the court says: "In such case the tender does not operate to destroy the securities, but gives the party a footing in equity to compel the transfer demanded, if he is otherwise entitled to it." (Page 558, 70 N. Y., 26 Am. Rep. 627).   To the same effect is Day v. Strong, supra, where it is said: "If the defendant Strong [the junior incumbrancer] had brought an action to compel the assignment by the plaintiff of his mortgage, it would have been his duty to pay, or offer to pay, the debt and interest."   Here there has been the "offer to pay." In Lewis v. Wilson, supra, the plaintiff had assigned to the defendant as security a one-half interest in a lease.   The complaint alleged a tender of the sum due the defendant, but this had not been paid into court.   A preliminary injunction was continued by the court and affirmed on appeal, Daniels, J., saying: "It has not been alleged in the complaint or stated in the affidavits that the sum of money which was tendered to the defendant has been paid into court, as that was required by the regular course of practice.   Halpin v. Phenix Ins. Co., 118 N. Y. 165, 23 N. E. 482.   But the omission of that allegation, or of the payment of the money into court, will not necessarily defeat the right of the plaintiff to maintain the action.   The object of the tender was to prevent the future increase of interest, and to charge the defendant with costs.   It was not indispensable that the money should be paid into court to entitle the plaintiff to succeed in the suit.  *  *  *  He will still be allowed to maintain it in case the proof concerning the facts shall substantially sustain them as they have been charged and alleged." In Citizens' Sav. Bank v. Foster (Sup.) 6 N. Y. Supp. 420, a motion was entertained on behalf of a junior mortgagee after foreclosure and sale under a prior mortgage, but before completion of purchase, to compel an assignment on payment in full of the amount due under the senior mortgage, with interest and costs, although there had been no previous tender.   Patterson, J., said: "The only answer made to the application is that an actual tender has not been made by the third mortgagee; but that is not a controlling circumstance to defeat this application." Under the authorities, I am of the opinion that the plaintiff has acted

in a manner to give it standing in equity. The defendant can ask no more than complete payment of its claim. Part of that claim is in dispute, and there would seem to be reasonable grounds for contesting it. Let the plaintiff pay to the defendant, or place at its disposal, the amount conceded to be due, and let the plaintiff further deposit to the credit of this action the sum of $600 to cover the balance of the defendant's claim. Thereupon the preliminary injunction will be continued. Ten dollars costs to abide event.

Preliminary injunction continued; $10 costs to abide event.