### SIMONSON v. LAUCK et al.

(Supreme Court, Appellate Division, Second Department. May 12, 1905.)

1. MORTGAGES—FORECLOSURE—ASSIGNMENT—PAYMENT BY THIRD PARTY—DIS-
   CONTINUANCE OF ACTION.
   In an action to foreclose a mortgage, a defendant who is tenant in common of the mortgaged premises is entitled to have the mortgage assigned to one who, for his benefit, pays the mortgagee the full amount due on the mortgage and the costs of the action, and to an order discontinuing the same.

2. SAME—VOLUNTEER—SUBROGATION.
   One who, at the request and for the benefit of a tenant in common of mortgaged premises, tenders to the mortgagee the full amount due under the mortgage, and requests an assignment thereof, at the same time stating that he is acting at the tenant's request, is not a mere volunteer, to whom the right of subrogation should be denied.
   [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Subrogation, §§ 61–67.]

3. SAME—ATTITUDE OF OTHER DEFENDANTS.
   Where, in a foreclosure action, the full amount due under the mortgage is tendered to the mortgagee, and an assignment thereof requested by one acting for the benefit of a defendant tenant in common of the mortgaged premises, the fact that the other defendants do not object to the foreclosure does not preclude the court from ordering an assignment of the mortgage and the discontinuance of the action.

4. SAME—NOTICE OF MOTION.
   In such case plaintiff cannot object that the other defendants did not receive notice of the motion for such order.

**5. SAME—APPEAL—OBJECTIONS.**

Defendants to a foreclosure action, who do not seek to appear or to be heard on appeal are not objectors before the appellate court.

**6. SAME—DEFECTIVE TENDER—REFUSAL.**

The question of defective tender to a mortgagee is not available where there is a positive and unqualified refusal to accept.

Appeal from Nassau County Court.

Action by Clara L. Simonson against Adolph Lauck and others. From an order of discontinuance of the action, etc., plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and MILLER, JJ.

George B. Stoddart, for appellant.
Joseph Steinert, for respondents.

JENKS, J. The plaintiff in an action for foreclosure appeals from an order of the County Court therein that the action be discontinued, the lis pendens be canceled, and the plaintiff deliver the bond and mortgage, with an assignment thereof, to Steinert, upon payment to her of the principal, interest, and costs of the action up to date. The action was begun on February 11, 1905. The defendant Adolph Lauck is the owner in fee simple of the premises as tenant in common with four other defendants. He moved on notice and upon his and Steinert's affidavit showing that on the 18th day of that month they went to the plaintiff, and Steinert offered to pay to her the principal, interest, and costs, if she would execute and deliver to Steinert an assignment to him, then presented to her, and that the plaintiff absolutely refused to accept the offer that required such an assignment. The plaintiff admitted the substance of these statements, but further deposed that, although Steinert said that he had his certified check for $1,700, the check was not shown to her, nor was any tender made other than as stated; that she then offered to execute a satisfaction piece, but refused to give any assignment; that Steinert is not a party to the action, had not any interest in or lien upon the premises, but was a mere volunteer; and that she was willing to satisfy the mortgage upon payment thereof. She also submitted affidavit of three of the defendants that Adolph Lauck's interest was identical with theirs, that they had no objection to the foreclosure, and that Lauck had brought an action for partition.

I am of opinion that the order may be affirmed upon the authority of Bayles v. Husted, 40 Hun, 376. See, too, Cleveland v. Rothwell, 54 App. Div. 14, 66 N. Y. Supp. 241; Mabbett v. Mabbett, 29 App. Div. 609, 51 N. Y. Supp. 529. If the plaintiff is satisfied with the payment of the mortgage, it is difficult to see why she has any just ground for concern whether upon receipt of principal, interest, and her costs she satisfy it or assign it. Lauck, in his affidavit, deposes that the plaintiff is his niece, resides near his house; that no demand for principal or interest was made upon him, or, to his knowledge, upon the other defendants; that the action was brought within two days after plaintiff procured an assignment of the bond and

mortgage; that he believes the assignment was made at the instigation of the other defendants, and the action brought to deprive him of his interest. The plaintiff does not notice these allegations. It may well be that Lauck could not raise the money to satisfy the mortgage save through an assignment thereof by way of security, and thus was powerless to avert the foreclosure save by the means adopted. It appears by affidavits that Steinert made his offer of payment and asked for the assignment at the request of Lauck, and for his benefit, and that he told the plaintiff in Lauck's presence that he came to her at Lauck's request. Therefore Steinert was not a mere volunteer to whom this right of subrogation should be denied. Gans v. Thieme, 93 N. Y. 225; Thomas on Mortgages, § 445. In Acer v. Hotchkiss, 97 N. Y. 395, 403, cited as contra by the appellant, the court say:

"One who is only a volunteer cannot invoke the aid of subrogation, for such a person can establish no equity. Gans v. Thieme, 93 N. Y. 232. *He must have paid upon request*, or as surety, or under some compulsion made necessary by the adequate protection of his own rights." (The italics are mine.)

The attitude of the other defendants did not preclude the court. See Bayles v. Husted, supra, per Pratt, J. The appellant cannot object that such defendants did not receive notice of the motion. Twombly v. Cassidy, 82 N. Y. 155. As the defendants were affiants for the plaintiff, they must have had knowledge of the motion, but they did not seek to appear or to be heard on appeal. Consequently, they are not objectors before this court. Twombly v. Cassidy, supra.

The question of defective tender is not available, inasmuch as there was a positive and unqualified refusal. Baumann v. Pinckney, 118 N. Y. 604, 616, 23 N. E. 916; Cleveland v. Rothwell, supra.

Order of the County Court of Nassau county affirmed, with $10 costs and disbursements. All concur.