CLARA L. SIMONSON, Appellant, *v.* ADOLPH LAUCK, Respondent, Impleaded with KLARA LAUCK and Others.

*Subrogation to the rights of the holder of a bond and mortgage in process of fore-closure — when a third person acting for one tenant in common of the mortgaged premises is entitled to an assignment thereof — notice of motion to compel an assignment, not served on the other cotenants — defects in tender, waived.*

Where, during the pendency of an action brought to foreclose a mortgage upon real estate owned by five persons as tenants in common, a person who is not a party to the action and has no interest in or lien on the premises, but who, to the knowledge of the holder of the mortgage, is acting at the instance of one of the tenants in common, offers to pay the holder of the mortgage the principal and interest due upon the mortgage and the costs of the action, if the holder of the mortgage will execute to him an assignment of the mortgage, such a person is not a mere volunteer and it is the duty of the holder of the mortgage to comply with his request.

If the holder of the mortgage refuses to execute the assignment, but offers to execute a satisfaction piece, which offer is refused, the court, on the motion of the tenant in common at whose instance the tender was made, may properly grant an order directing the discontinuance of the foreclosure action, the cancellation of the *lis pendens* therein and the delivery by the plaintiff, to the person making the tender, of the bond and mortgage with an assignment thereof, upon payment to the plaintiff of the principal, interest and costs of the action, notwithstanding that the other tenants in common do not object to the prosecution of the foreclosure action.

Upon an appeal by the holder of the mortgage, from the order made on the motion for the discontinuance of the foreclosure action, the fact that such other tenants in common did not receive notice of the motion which resulted in the order for the discontinuance of the action, does not require the reversal of the order, where it appears that such tenants in common had actual knowledge of the motion and that they did not seek to appear or to be heard on the appeal.

The refusal by the holder of the mortgage of the tender made to him having been positive and unqualified, the objection that such tender was defective is not available to him upon an appeal from the order.

APPEAL by the plaintiff, Clara L. Simonson, from an order of the County Court of Nassau county, entered in the office of the clerk of the county of Nassau on the 11th day of March, 1905, discontinuing the action, and, among other things, directing the plaintiff upon certain terms and conditions to assign to one Joseph Steinert the bond and mortgage for the foreclosure of which the action was brought.

*George B. Stoddart*, for the appellant.

*Joseph Steinert*, for the respondent.

JENKS, J. :

The plaintiff in an action for foreclosure appeals from an order of the County Court therein that the action be discontinued, the *lis pendens* be canceled and the plaintiff deliver the bond and mortgage, with an assignment thereof, to Steinert, upon payment to her of the principal, interest and costs of the action up to date.

The action was begun on February 11, 1905. The defendant Adolph Lauck is the owner in fee simple of the premises as tenant in common with four other defendants. He moved on notice and upon his and Steinert's affidavit showing that on the 18th day of that month they went to the plaintiff and Steinert offered to pay to her the principal, interest and costs if she would execute and deliver to Steinert an assignment to him then presented to her, and that the plaintiff absolutely refused to accept the offer that required such an assignment. The plaintiff admitted the substance of these statements, but further deposed that although Steinert said that he had his certified check for $1,700 the check was not shown to her, nor was any tender made other than as stated; that she then offered to execute a satisfaction piece, but refused to give any assignment; that Steinert is not a party to the action, had not any interest in or lien upon the premises, but was a mere volunteer, and that she was willing to satisfy the mortgage upon payment thereof. She also submitted affidavits of three of the defendants that Adolph Lauck's interest was identical with theirs, that they had no objection to the foreclosure, and that Lauck had brought an action for partition.

I am of opinion that the order may be affirmed upon the authority of *Bayles* v. *Husted* (40 Hun, 376). (See, too, *Cleveland* v. *Rothwell*, 54 App. Div. 14; *Mabbett* v. *Mabbett*, 29 id. 609.) If the plaintiff is satisfied with the payment of the mortgage, it is difficult to see why she has any just ground for concern whether, upon receipt of principal, interest and her costs, she satisfy it or assign it. Lauck in his affidavit deposes that the plaintiff is his niece, resides near his house; that no demand for principal or interest was made upon him or, to his knowledge, upon the other defendants; that

the action was brought within two days after plaintiff procured an assignment of the bond and mortgage; that he believes the assignment was made at the instigation of the other defendants and the action brought·to deprive him of his interest. The plaintiff does not notice these allegations. It may well be that Lauck could not raise the money to satisfy the mortgage save through an assignment thereof by way of security, and thus was powerless·to avert the foreclosure save by the means adopted.

It appears by the affidavits that Steinert made his offer of payment, and asked for the assignment, at the request of Lauck, and for his benefit, and that he told the plaintiff in Lauck's presence that he came to her at Lauck's request. Therefore, Steinert was not a mere volunteer to whom this right of subrogation should be denied. (*Gans* v. *Thieme*, 93 N. Y. 225; Thomas Mort. [2d ed.] § 445.) In *Acer* v. *Hotchkiss* (97 N. Y. 395, 403), cited as *contra* by the appellant, the court say: " One who is only a volunteer cannot invoke the aid of subrogation, for such a person can establish no equity. (*Gans* v. *Thieme*, 93 N. Y. 232.) *He must have paid upon request*, or as surety, or under some compulsion made necessary by the adequate protection of his own rights." (The italics are mine.) The attitude of the other defendants did not preclude the court. (See *Bayles* v. *Husted*, *supra*, per PRATT, J.) The appellant cannot object that such defendants did not receive notice of the motion. (*Twombly* v. *Cassidy*, 82 N. Y. 155.) As the defendants were affiants for the plaintiff, they must have had knowledge of the motion, but they did not seek to appear or to be heard on appeal. Consequently they are not objectors before this court. (*Twombly* v. *Cassidy*, *supra*.)

The question of defective tender is not available, inasmuch as there was a positive and unqualified refusal. (*Baumann* v. *Pinckney*, 118 N. Y. 604, 616; *Cleveland* v. *Rothwell*, *supra*.)

HIRSCHBERG, P. J., BARTLETT, WOODWARD and MILLER, JJ., concurred.

Order of the County Court of Nassau county affirmed, with ten dollars costs and disbursements.