(128 App. Div. 645.)

BOOCOCK v. WOOD et al.

(Supreme Court, Appellate Division, First Department. November 20, 1908.)

1. MORTGAGES (§ 590*)—RIGHT OF SECOND MORTGAGEE TO ASSIGNMENT OF FIRST MORTGAGE.

The right of a second mortgagee relative to an assignment of the first mortgage, action to foreclose it having been brought, is to a transfer, on payment of the amount of the mortgage and interest and expenses of the action to date, of whatever lien the first mortgagee has, so that he is not entitled to have the first mortgagee bound as to the amount due on such mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1691, 1692; Dec. Dig. § 590.*]

2. COSTS (§ 164*)—EXTRA ALLOWANCE.

A first mortgagee, who, having brought action to foreclose, offered to deliver to the second mortgagee the only assignment he was entitled to, is entitled to an extra allowance where the second mortgagee seeks by motion to require an assignment containing provisions to which he is not entitled.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 164.*]

Appeal from Special Term, New York County.

Action by Julia B. Boocock against Raymond S. Wood and others. From an order requiring plaintiff to assign to Bowen, one of the defendants, the bond and mortgage, to foreclose which the action was brought, on payment of the amount due on the mortgage, plaintiff ap-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

peals. Bowen also appeals from so much of the order as grants plaintiff an extra allowance. Modified on plaintiff's appeal. Affirmed on defendant's appeal.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

William H. Wadhams, for appellant.
Ralph J. Kelly, for respondents.

INGRAHAM, J. This action was brought to foreclose a mortgage made by the defendant Wood to the plaintiff to secure payment of $16,250, dated November 22, 1905. Subsequently Wood executed a mortgage to one Sire to secure the payment of $4,000, dated July 18, 1906, and on the 13th of February, 1906, Sire assigned this mortgage to the defendant Abner T. Bowen as collateral security for the payment of a promissory note made by Sire to Bowen to secure the sum of $4,000, which became due on the 13th of August, 1906, and is unpaid. Wood subsequently conveyed the premises subject to the mortgage to one Foley, who executed to Sire another bond conditioned for the payment of $1,500 on the 8th of January, 1909. Sire assigned this second mortgage to Bowen on January 8, 1908, as security for a note for $1,569.84 made by Sire to Bowen, and Bowen commenced an action to foreclose these two mortgages. After this action was commenced, Bowen made a demand on the plaintiff for an assignment of the bond and mortgage sought to be foreclosed in this action to protect his rights as the owner of the subsequent liens upon the premises, and at the same time tendered to the plaintiff the sum due upon her mortgage of $17,050.92. At the time of making the demand the plaintiff offered to deliver to Bowen's attorney an assignment of the bond and mortgage sought to be foreclosed, which contained the following clause:

"This assignment is made without recourse to said parties of the first part [plaintiff] in any event without covenants express or implied."

Bowen refused to accept this assignment, demanding an unconditional assignment without this clause, and then made a motion to the court to compel the plaintiff to assign the mortgage on payment of the amount due upon the mortgage. Upon that motion an order was entered requiring the plaintiff to assign the mortgage to Bowen upon payment of the amount due on the mortgage, with interest to the date of payment, and costs to be taxed by the clerk, and an extra allowance of $100. The form of the assignment which the plaintiff was required to execute was annexed to the order, which was without the clause inserted by the plaintiff that the assignment was made without recourse. From that order, the plaintiff appeals.

The power of the court to grant such an order upon motion seems to be sustained by Twombly v. Cassidy, 82 N. Y. 158. The claim of the respondent is that he is entitled to have the plaintiff bound as to the amount due upon the said bond and mortgage with which I do not concur. Plaintiff is the owner of the bond and mortgage, and entitled to enforce it. She has commenced her action for that pur-

pose, and Bowen as a subsequent lienor has requested an assignment of the bond and mortgage, so that he can be subrogated to the plaintiff's rights to protect his subsequent liens. As a subsequent lienor, he would be entitled to be subrogated to whatever rights the plaintiff has to enforce this mortgage upon payment to the plaintiff of the amount due, and this assignment of the mortgage tendered to him would insure him this right. If he has any doubt about the amount due to the plaintiff on the mortgage, he could defend the action and compel the plaintiff to prove it. But all that he is entitled to upon payment of the mortgage is a transfer of whatever lien plaintiff has upon the property, and that is the only assignment he has a right to demand. See Averill v. Taylor, 8 N. Y. 44; Citizens' Savings Bank v. Foster, 55 Hun, 631, 6 N. Y. Supp. 420. Upon this appeal Bowen does not insist that the acknowledgment of the assignment tendered to him was defective, and it would seem to be sufficient, and, as the assignment tendered by the plaintiff assures to Bowen all that he has a right to have, the court below should not have required the plaintiff to execute any further assignment than the one already executed.

The order appealed from should therefore be modified by providing that upon Bowen's tendering to plaintiff the amount due on the mortgage, with interest to the date of payment, $100 additional allowance, and the plaintiff's costs and disbursements to be taxed by the clerk, the plaintiff deliver to Bowen the bond and mortgage, together with the assignment thereof theretofore tendered by the plaintiff, and that the plaintiff have $10 costs and disbursements of this appeal against Bowen personally.

There has also been argued an appeal by the defendant Bowen from so much of the order as grants plaintiff an extra allowance of $100. We think this was proper in view of the fact that the plaintiff had offered to deliver to Bowen the only assignment that he was justified in demanding, and that the plaintiff should be indemnified for the expenses in prosecuting the action up to the time that the assignment was delivered.

It follows that so much of the order as grants the extra allowance should be affirmed, with $10 costs and disbursements. All concur.