HORATIO N. TWOMBLY, Appellant, *v.* PATRICK CASSIDY et al., ABRAHAM LOTT, Respondents.

The holder of a junior mortgage is entitled to be subrogated to the rights of the holder of the senior mortgage upon payment of the amount thereof, and may, upon tender of the amount, compel an assignment, although he does not occupy the position of a surety.

This relief may be granted upon motion before judgment, in an action to foreclose the senior mortgage, in which the holder of the junior mortgage is a party defendant.

Upon such motion, the plaintiff cannot object that the defendants, other than the moving party, have not had notice.

An order made in such a case directed an assignment to the junior mortgagee, or to a person to be named by him. *Held,* no error.

Upon the motion, it was a question at issue, as to whether the junior mort-

gage was paid. *Held,* that the determination of the court below was conclusive upon the appeal.

The order directed the discontinuance of the action, without costs, as against plaintiff. *Held,* that this was in the discretion of the court, at least that plaintiff was not in a position to raise the question.

(Submitted June 15, 1880 ; decided September 28, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, the substance of which is hereafter stated.

This action was brought to foreclose a mortgage. Defendant Lott was the holder of a junior mortgage, and upon affidavits showing his interest, and an offer to pay the amount of plaintiff's mortgage with costs, and a refusal thereof, moved before judgment for an order requiring plaintiff to assign his mortgage, etc. The order directed that upon the payment by Lott, or by such person as he should name, of the amount due on the mortgage, with costs, the said Lott should be subrogated to the rights of the plaintiff. Plaintiff was required to execute an assignment of the mortgage with accompanying bond to Lott or the person named, and also a consent substituting Lott as plaintiff, or for the discontinuance of the action. In case the plaintiff within thirty days served on Lott a consent to discontinue the action on payment of costs, the order to assign to have no further force or efficacy. In case plaintiff served notice that he elected not to discontinue, then the order to assign to be in force without regard to the right to discontinue. After plaintiff made his election as specified, Lott to have thirty days in which to make tender and payment. It was also provided that in case the plaintiff elected to assign, then that the action should be discontinued without costs as against plaintiff.

*M. L. Townsend* for appellant. Notice of the motion should have been given to all the defendants in the action. (*McLean* v. *Tompkins,* 18 Abb. Pr. [N. S.] 24, 27.) Courts of equity will not decree subrogation by compelling an assignment of a senior mortgage with the debt secured thereby to a junior mortgagee, except where it is necessary for the protection of

the latter, "in order to make his own claim beneficial or available." (*Jenkins* v. *Continental Ins. Co.*, 12 How. 66 ; *Pardee* v. *Van Anken*, 3 Barb. 541 ; *Bloomingdale* v. *Barnard*, 7 Hun, 459, 462 ; *Cole* v. *Malcolm*, 66 N. Y. 363.) The defendant, Lott, does not occupy the position of surety in respect of plaintiff's mortgage, or of the debt secured thereby ; hence he has no right to compel an assignment of the same to himself, much less to "a person to be named by him." (*Ellsworth* v. *Lockwood*, 42 N. Y. 89, 99 ; *Pardee* v. *Van Anken*, 3 Barb. 534 ; *McLean* v. *Tompkins*, 13 Abb. Pr. [N. S.] 24.)

*Jesse Johnson* for respondent. Mr. Lott, being a subsequent mortgagee, was clearly entitled to have the senior mortgage assigned to him. (*Johnson* v. *Zink*, 51 N. Y. 333 ; *Cole* v. *Malcolm*, 66 id. 363 ; *McLean* v. *Tompkins*, 18 Abb. Pr. 24 ; *Marsh* v. *Pike*, 10 Paige, 595 ; *Burnell* v. *Deniston*, 5 Johns. Ch. 35 N. Y. 44 ; *Averill* v. *Taylor*, 8 id. 44 ; *Ellsworth* v. *Lockwood*, 42 id. 89.) Objection that other parties, not appealing, are prejudiced by the order, is clearly untenable. (*McLean* v. *Tompkins*, 18 Abb. Pr. 27.)

MILLER, J. The respondent Lott held a mortgage upon the same property covered by the mortgage of the plaintiff now in the process of foreclosure ; and subsequent thereto, and for the purpose of protecting himself, he arranged to take up the mortgage of the plaintiff, and in writing offered to pay the amount due for principal, interest and costs, and requested an assignment of the same. The plaintiff declined to accept said offer, giving reasons, as appears from the affidavit of the defendant's attorney, predicated entirely upon an intention, as expressed by him, of not discontinuing the action of foreclosure or giving up said mortgage, except upon the amount being tendered in payment of the debt thereby secured, and not for the purpose of obtaining an assignment thereof. Subsequently the plaintiff offered to pay the full amount of the defendant's mortgage, provided the defendant would turn over the security to him, guaranty the *bona fides* of the mortgage, and that the

amount claimed was due and owing on the mortgage. Upon the motion made by Lott to compel an assignment, an affidavit was read showing that the owner of the premises executed leases of the same to the Gutta Percha & Rubber Manufacturing Company, for the annual rent of about $4,000, and that by the terms of the bond accompanying the mortgage now held by Lott, these rents were assigned to the mortgagee, as security for the payment of the bond and mortgage. That the mortgage held by Lott was executed by Cassidy and wife to one Brown, to secure $6,000, on the 14th day of April, 1875, and assigned to Lott, March 8, 1877. The treasurer of the Gutta Percha Company swears that $5,414.44 was paid by the company to said Hannah K. Brown, or upon her order as mortgagee, before the assignment of the bond and mortgage to Lott, and the sum of $8,787.52 was paid after the assignment to the defendant Lott, or upon his order, which sums are applicable to the payment of said bond and mortgage, and that he is informed that there is nothing due upon said bond and mortgage, and the same has been fully paid. Lott, in his affidavit upon which the motion was made, swears that there is now due upon the bond and mortgage the sum of $4,500, and that, by the bond, the rents coming from the company are assigned to the original mortgagee, and by her assigned to him.

The right of a junior incumbrancer to be subrogated in the place of a senior incumbrancer, upon payment of the lien of the latter, rests upon the principle that justice and equity require that he should be entitled to the rights and securities of the senior incumbrancer. He is bound to pay the demand of the senior incumbrancer before his own can be liquidated, and, under the circumstances, it seems but equitable and just that he should be allowed to control the lien which stands in the way of obtaining the amount of his debt. The cases are numerous which uphold this equitable doctrine. In *Cole* v. *Malcolm* (66 N. Y. 363) it was held that the doctrine of subrogation applies where a party is compelled to pay the debt of a third person to protect his own rights or to save his own property. In the case cited, the defendant, who had

acquired title as one of the heirs-at-law, and by purchase to the rights of nearly all the others by virtue of a conveyance to his ancestor, which was adjudged in the action to be fraudulent against creditors, and was set aside for that reason, tendered the amount due on the plaintiff's judgment, demanded an assignment thereof, which was refused, and made a motion to compel an assignment upon payment, and that he be subrogated to the rights of the owner. The motion was denied, and on appeal to this court the order was reversed. It is laid down in the opinion that the doctrine of subrogation is generally and most frequently applied where the person advancing money to pay the debt stands in the situation of a surety, or is only secondarily liable for the debt, but it is also applicable to cases where a party is compelled to pay the debt of a third person to protect his own rights or to save his own property. In the case cited, the party was not a surety, but occupied the position of one who was obliged to pay to secure himself. And such is exactly the situation in the case at bar, and it is not apparent that there is any difference in principle between the two cases, as the defendant Lott is just as much bound to pay, in order to save his rights, as the defendant was in the case cited. He could not protect himself without paying the antecedent mortgage, in the case at bar, and hence his right to be subrogated was perfect and complete. Nor does it matter, we think, that the motion was made after judgment, in the case cited, instead of before judgment, if Lott's mortgage is an existing lien upon the property mortgaged. The same principle is fully upheld in *Johnson* v. *Zink* (51 N. Y. 333). (See, also, *McLean* v. *Tompkins*, 18 Abb. 24; *Marsh* v. *Pike*, 10 Paige, 595; *Burnet* v. *Denniston*, 5 Johns. Ch. 35; *Averill* v. *Taylor*, 8 N. Y. 44; *Sanford* v. *McLean*, 3 Paige, 117.) The Chancellor says, in the case last cited, at page 122: " It is only in cases where the person advancing money to pay the debt of a third party stands in the situation of a surety, or is compelled to pay it to protect his own rights, that a court of equity substitutes him in the place of the creditor, as a matter of course, without an agreement to that effect." The

principle is here distinctly recognized, that where a party is bound to pay to protect himself, he is entitled to be subrogated. The learned counsel for the plaintiff relies upon the case of *Ellsworth* v. *Lockwood* (42 N. Y. 89) as authority for the doctrine that a junior mortgagee has no right, upon paying a senior bond and mortgage, to compel an assignment of the latter, except when the junior mortgagee occupies the relation of surety.

This question was not decided in the case cited, but the case was disposed of upon another ground, although some of the judges were for reversal on the ground that the right to an assignment existed. The remarks in the opinion, to the effect that the right to redeem does not exist unless the redeeming party has the position of a surety, or can be regarded as a surety of the mortgage, if applicable, may, perhaps, be construed to apply to a mortgagee who is compelled to pay a prior mortgage to save his debt. Be that as it may, however, the point was not decided which is now presented, and the more recent cases in this court which have been cited are adverse to the position contended for, as we have seen. These should be followed, and there can be no doubt as to the right of Lott to be subrogated, upon payment of the plaintiff's mortgage, in his place, if such mortgage is unpaid.

The right being clear, we think there is no question that a motion could be made for that purpose in the foreclosure action, to which the defendant was a party. Nor was it essential to give notice of the motion to all the defendants. None of them objected or have appealed, and it does not appear that they have any interest or lien to be protected. The plaintiff is not in a position to object on account of such defendants, and it is not apparent how they can be affected by the substitution of the defendant in the place of the plaintiff.

*McLean* v. *Tompkins* (18 Abb. 24) is relied upon by the plaintiff's counsel, for the reason that some of the defendants who objected had no notice of the original motion. None of the defendants object here, and hence this case is not applicable.

The provision in the order for a discontinuance of the action, without costs as against the plaintiff, was a subject entirely within the discretion of the court. No objections are made by any of the defendants, and the plaintiff is not in a position to raise that question. Nor do I see any objection to the provision in the order that the assignment may be made to a person to be named by Lott.

The offer to pay the mortgage of Lott, upon assignment to the plaintiff, was restricted by conditions which the plaintiff had no right to exact, and hence is no answer to the motion.

The question whether the mortgage was paid is not free from difficulty. The assignment of the rents as security for the payment of the bond and mortgage, and the payment thereof to the original mortgagee, and the subsequent payment of a large amount of the rents to Lott, the assignee, or upon his order, tend strongly to show payment of his mortgage; and although Lott swears in his affidavit that the sum of $4,500 is due and unpaid, were this an original question, we would be inclined to suspend the motion for further proof and for explanation of the facts presented. As, however, the court below were satisfied that the mortgage was not paid, we are inclined to think that their determination is conclusive upon this appeal.

No other question is presented which demands comment.

The order should be affirmed, with costs.

All concur.

Order affirmed.