Barnard, P. J.
The protection of the respondent under the facts of this case requires the order appealed from.
There are fourteen houses and lots, each subject to a separate mortgage. There is a second mortgage which covers all the houses and lots, of $14,000. The respondent obtained a title to one of the houses under a foreclosure subsequent to both these mortgages. She then stood with a title subject to the first separate mortgage, and to a just proportion of the $14,000 mortgage. The mortgage was given by one Parker to Packard, the appellant. After the respondents purchased they applied for an assignment of the first mortgage, and the holder, after taking time to deliberate, assighed the same to Packard. Packard presses the foreclosure of this mortgage. The fee of eleven of the houses is in Parker, the mortgagee of the $14,000 mortgage, and the facts show a strong probability that Packard and Parker are acting together. If the $14,000 mortgage is first foreclosed, the rights of all the owners can be protected and the just proportion of each established. A junior mortgagor should not use his right of redemption to effect a wrong.
If the first mortgage is foreclosed, the respondents will be placed in a dangerous position. The lot is liable for the separate mortgage and for a proper portion of the second mortgage over this lot and thirteen others, and there is no way in this action to determine it. The order permits the appellant to keep the first mortgage if Packard will sell under the second, otherwise the assignment of the first mortgage is ordered, but it is not to be foreclosed for six months, and then only on application to the court to be relieved from the condition. The order is just and hurts no one.
The lot continues subject to the first mortgage. It continues subject to the second mortgage. It cannot be used against the second mortgage. If the respondents should pay the amount of the first mortgage the advantage will accrue entirely to the holders of the second mortgage and make the lands of the respondents by so much pay an inequitable amount of the $14,000 mortgage.
The respondents bought their property at a legal sale, *15 and a court of equity may make them parties to the foreclosure action pending at the time of the purchase. The right to so control the proceedings under the several incumbrances as to produce a just result and to protect the rights of all is settled. Twombly v. Cassidy, 82 N. Y., 155.
The order should, therefore, be affirmed, with costs and disbursements.
Pratt, J.
The order appealed from carefully guards the interests of all parties.
If the owners of the first mortgage proceed, as in good faith they should, to foreclose the second mortgage, they are permitted to retain all the securities they now hold.
No reason can be given for seeking to foreclose the first mortgage in advance of the second, that can receive the favor of the court.
And unless the relief sought by the motion is granted, the moving parties will be in great danger of not only paying the first mortgage, but being compelled to pay the $14,000 second mortgage, of which in equity they should only pay the one-fourteenth part.
The order appealed from should be affirmed with ten dollars costs and disbursements.