### QUINLAN *v.* STRATTON *et al.*

*(Supreme Court, General Term, Second Department. May 15, 1890.)*

SUBROGATION—TO RIGHTS OF MORTGAGEE.

  . On foreclosure of a second mortgage, where it appears that the loan by the second mortgagee was made on an agreement with the mortgagor that it should be applied to extinguish the first mortgage, and that part of the loan was actually so applied, the second mortgagee is entitled to a decree subrogating him to the rights of the first mortgagee on payment of the balance due on the first mortgage.

Appeal from special term, Queens county.

Foreclosure by John J. Quinlan against Emily A. Stratton and Samuel W. Judson. On July 25, 1862, defendant Emily A. Stratton mortgaged the premises in suit to Joseph Fitch for $2,500. One thousand dollars of the principal was paid off, and then Fitch died. Amos L. Fitch was appointed executor, and, default having been made in paying interest on the bond and mortgage, foreclosure proceedings were begun. Emily Stratton, mother of defendant Emily A. Stratton, loaned at various times sums of money to defendant aggregating $2,000. A portion of this money was used in paying off the incumbrances of the Fitch mortgage, and preventing the property from being sold in foreclosure. Subsequently, on February 18, 1881, the bond and mortgage, and the decree of foreclosure and sale in the action of Fitch against Stratton were assigned to defendant Judson. Before this assignment, on July 27, 1880, defendant Emily A. Stratton executed the mortgage in issue in this action to her mother, Emily Stratton, to secure the payment of the

$2,000 advanced by her.  This mortgage was subsequently assigned to Susan
C. Currie, and by her to plaintiff, who brought this action.  The defendants
answered separately, defendant Judson claiming that the assignment of the
first mortgage gave him a prior lien.  Defendant Emily A. Stratton alleged
that Susan C. Currie was the real party in interest in this action to foreclose
the second mortgage; that on April 10, 1865, one James T. Stratton mort-
gaged to defendant Emily A. Stratton three acres of other land for $2,750;
that in September, 1872, she assigned this mortgage to Hallett C. Hicks, cov-
enanting that the mortgage was collectible, and that the proceeds thereof,
$2,750, were loaned to Susan C. Currie; that two months thereafter Susan C.
Currie purchased the land, and assumed the mortgage, but that she never paid
it, and that Hicks foreclosed, and also obtained a personal judgment for de-
ficiency against defendant Emily A. Stratton.  Defendant answered further
that, when the James T. Stratton mortgage was assigned to Hicks, in Septem-
ber, 1872, this defendant Emily A. Stratton executed another mortgage to him
on the land in controversy as security for the $2,750 paid by Hicks on the as-
signment of the James A. Stratton mortgage, and loaned to Susan C. Currie;
that Hicks subsequently obtained a judgment of foreclosure of this mortgage;
and that this judgment remains unpaid.  There was no evidence, however,
tending to show that Susan C. Currie was the real plaintiff in interest in this
action, as alleged in the answer, or that she had anything to do with the loans
made to Emily A. Stratton by her mother.  The court found in favor of plain-
tiff as against defendant Stratton, and in favor of defendant Judson to this
extent: that the assignment of the decree in foreclosure in the Fitch action
was for the benefit of Emily Stratton as well as defendant Judson; that plain-
tiff succeeded to her rights; and that on payment of $2,015.33, with interest
from February 14, 1881, to defendant Judson, plaintiff would be subrogated
to all his rights.  Defendants appeal.  For opinion on motion for new trial,
see 7 N. Y. Supp. 786.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Samuel W. Judson,* for appellants.  *Frank A. O'Brien, (James D. Bell,*
of counsel,) for respondent.

BARNARD, P. J.  The plaintiff is the assignee of a second mortgage.  It
was given by Emily A. Stratton to her mother, Emily Stratton, and assigned
by her to one Susan C. Currie, and by her to the plaintiff.  There is no ques-
tion made as to this mortgage, nor as to the amount due upon it.  There was
a first mortgage for $2,500 on the property, and the complaint averred that
this mortgage was to have been paid by the loan procured on the second mort-
gage, by agreement between Emily A. Stratton and her mother; that it was
only paid in part, and that the defendant Judson had taken an assignment of
the first mortgage in concert with Emily A. Stratton, and claiming that the
plaintiff's mortgage should be deemed the first lien on the premises.  The
proof failed to show that the first mortgage was subject and inferior to the
plaintiff's mortgage in respect to the amount paid by Judson for the first
mortgage, which was the actual amount left unpaid on it.  The proof did
show that some of the money obtained by the second loan actually went to
extinguish the first mortgage, and that the agreement between Emily A.
Stratton and her mother was that the loan was all to be used to pay the first
mortgage.  So far the equities seem to be plain.  Judson can hold his claim
for all he paid to get it; but the mortgage he holds after he is paid in full
should be held for the money, which went to extinguish it, derived from the
second loan.  That was the agreement between the owner of the land and
the person who loaned the money, and no reason is perceived why Judson
can object.  He is paid in full.  Mrs. Stratton cannot object that her prop-
erty be held as if the portion of the new loan had been used to purchase the
first mortgage *pro tanto.  Gans* v. *Thieme,* 93 N. Y. 225.  The evidence

shows that one James T. Stratton gave a mortgage to Susan C. Currie for $2,750 in April, 1865. The defendant claims that Emily Stratton, her mother, asked her to make the loan, and that she "reluctantly sold" the mortgage now owned by Judson, and had to covenant that the $2,750 mortgage was collectible, which realized a large loss. The proof fails to show that the defendant Emily A. Stratton had any claim against Emily Stratton or Susan C. Currie when they severally made the assignments of the mortgage now held and owned by the plaintiff. The first objection to the decree has no weight, if these conclusions are just. The case will then stand as if the plaintiff held a second mortgage, and the defendant Judson a first mortgage, and the decree provided that the first mortgagee should take his debt, interest, and costs, and assign to the second mortgagee. This is in accordance with settled law. *Twombly* v. *Cassidy,* 82 N. Y. 155. The judgment should therefore be affirmed, with costs. All concur.