JULIA M. DE FOREST, Plaintiff, *v.* THEODORE G. PECK and Another, Appellants; EDITH L. HALSTEAD and Others, Respondents.

*Judgments of foreclosure — for what purpose granted — subrogation of a subsequent mortgagee to the rights of a prior mortgagee — to whom and for what purpose subrogation will be granted.*

Judgments of foreclosure are granted to enforce the payment of the mortgages foreclosed. They are solely for the benefit of the plaintiff, and not for that of any of the defendants. The statute prescribes the rights and remedies of judgment creditors, and such creditors have no claims to any other or more desirable remedies than the statute or law gives.

The right of tenants in common is to have their respective shares of the land set off or the land sold in a partition suit, the same as that of a judgment creditor to an execution sale. Neither has any right or equity to have a prior general mortgage foreclosed, because it may be deemed more convenient to deal with the surplus moneys arising on the foreclosure sale than with the land itself.

As a rule an order made in an action brought to foreclose a mortgage, granting the motion of a subsequent mortgagee for leave to pay off the mortgage in the suit and compel the assignment thereof to him, is just and proper.

The doctrine of subrogation is applicable where a person is compelled to pay a debt or discharge an obligation to protect his own rights.

The question as to which of the parties defendant, in an action brought to foreclose a mortgage, should obtain subrogation to the rights of the mortgagee

in whose favor judgment has been entered, depends not only upon the situation of the parties, but also upon their respective intents or purposes in acquiring the judgment.

APPEAL by the defendants, Theodore G. Peck and another, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Rockland on the 1st day of November, 1894, granting, under certain conditions, the motion of the defendant J. Harsen Halstead, for leave to pay off the mortgage in suit and to compel an assignment thereof to him.

*Alonzo Wheeler* and *William W. Green,* for the appellants.

*Irving Brown,* for the respondents.

DYKMAN, J.:

This action was commenced to foreclose a mortgage, and the defendant J. Harsen Halstead was made a party, as the holder of a mortgage subsequent to the one in suit, covering the interest of one of the common owners of the premises.

After the entry of judgment in the action the defendant Halstead made a motion at Special Term for leave to pay off the mortgage in suit and to compel an assignment thereof to him.

The motion was granted, and two of the other defendants in the action have appealed from the order.

The appeal by the defendants is quite indicative of ulterior designs, because it is quite difficult to see how the appealing defendants can be injuriously affected by the order. Aside from that view, however, the order is plainly just and beneficial and based upon right, reason and sound principle.

The doctrine of subrogation has its best illustration and most frequent application where a person sustaining the relation of a surety, or one who is secondarily liable for the payment of a debt, advances money for its payment. But the doctrine is also applicable where a person is compelled to pay a debt or discharge an obligation to protect his own rights.

The defendant Halstead falls under the latter rule and his motion was properly granted. (*Twombly* v. *Cassidy,* 82 N. Y. 155, and cases there cited.)

The order should be affirmed, with ten dollars costs and disbursements.

CULLEN, J., concurred.

CULLEN, J.:

This is an appeal by Theodore G. Peck and another, defendants, from an order made by the Special Term, directing the plaintiff to assign to J. Harsen Halstead, also a defendant, the bond and mortgage, the subject of the judgment of foreclosure made in this action.

The appellants have no standing to object to the order so far as it directed an assignment of the bond and mortgage and the judgment thereon. The plaintiff does not appeal. As she could have assigned the mortgage and judgment without the order of the court, and without the consent and against the wishes of the appellants, the appellants cannot assert her rights on this appeal. The appellants can have but one cause of complaint, that is, that the court did not order them to be subrogated to the rights of the plaintiff instead of the defendant Halstead.

The question as to which of the parties should obtain the subrogation depended not only on the situation of the parties, but also on their respective intents or purposes in acquiring the judgment. The appellants are part owners of the mortgaged premises and judgment creditors of another part owner, John Peck. Halstead is the holder of a mortgage on John Peck's interest, subsequent to the lien of the appellants' judgment, and is the husband of another part owner. The mortgaged premises are a part of a large tract of land owned by the defendants as tenants in common, for the partition of which an action is now pending. Halstead asked for the subrogation that he might prevent a sale under the foreclosure, and it was awarded him on condition that he should not sell, but await the judgment in the partition suit. The appellants sought subrogation that they might force a present sale. The claim is made, on their part, that they are prepared to bid on the property, and that by a sale under foreclosure they can collect their judgment out of the share of John Peck in the surplus moneys more readily and advantageously then by sale on execution. We are at a loss to discover any equity in this claim. Judgments of foreclosure

are granted to enforce payment of the mortgages foreclosed. They are solely for the benefit of the plaintiff, not for that of the defendant. The statute prescribes the rights and remedies of judgment creditors, and such creditors have no claim to other or more desirable remedies than the statute and the law give. The right of tenants in common is to have their shares set off or the land sold in a partition suit; that of judgment creditors is to an execution sale. Neither has any right or equity to have a prior general mortgage foreclosed because it may be deemed more convenient to deal with the surplus moneys arising on the sale than with the land itself.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

PRATT and DYKMAN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.