## HAWKINS v. MAXWELL.

(Supreme Court, Appellate Division, Second Department. March 20, 1913.)

1. VENDOR AND PURCHASER (§ 231*)—CONSTRUCTION—RECORD AS NOTICE.

    A recorded mortgage charges a subsequent purchaser with notice thereof.

    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 513–539; Dec. Dig. § 231;* Mortgages, Cent. Dig. § 393.]

2. USURY (§ 65*)—AGREEMENT FOR EXTENSION OF MORTGAGE—VALIDITY.

    An agreement between the assignee of a second mortgage and a subsequent purchaser that in consideration of the payment of costs of a previous suit thereon and the sum of $150 in addition, and the pur-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

chaser's assumption of the principal, the time for payment would be extended and the action discontinued, if placed upon a usurious consideration, was void, and entitled the purchaser to have the sum of $150 then paid credited on account of the principal.

[Ed. Note.—For other cases, see Usury, Cent. Dig. § 138; Dec. Dig. § 65.*]

3. MORTGAGES (§ 319*)—MONEY PAID TO ASSIGNEE—EVIDENCE.

Evidence in a foreclosure action by the assignee of a second mortgage *held* not to sustain the purchaser's burden of showing that an amount paid by the purchaser in consideration of the discontinuance of a previous action, and an extension of time, was received by the assignee, so that it could be credited upon the principal.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 855–863, 875, 913; Dec. Dig. § 319.*]

4. MORTGAGES (§ 318*)—JUNIOR MORTGAGE—PAYMENT OF INTEREST ON PRIOR MORTGAGE—EFFECT TO ASSIGN CLAIM.

A junior incumbrancer is entitled to pay the interest due upon a prior mortgage for his protection, and, having done so, to be treated as the assignee of the claim.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 956–961; Dec. Dig. § 318.*]

5. MORTGAGES (§ 469*)—CONSTRUCTION—APPOINTMENT OF RECEIVER—NOTICE.

Even though a mortgage provides that a receiver may be appointed without notice, the court is not bound thereby, but in its discretion may require notice to be given.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1376–1381; Dec. Dig. § 469.*]

Appeal from Kings County County Court.

Action by William Hawkins against Florence J. Maxwell. From a judgment of the County Court for plaintiff, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

J. Franklin Tausch, of New York City, for appellant.
Henry Joralemon Davenport, of Brooklyn, for respondent.

PER CURIAM. [1] This action is brought for the foreclosure of a second mortgage, made February 16, 1910, by Frank A. Bandholtz to secure the payment of $1,500 and interest to one Elizabeth A. Bandholtz. This mortgage was immediately assigned to the Mortgage Securities Company. Upon the trial of this action an assignment from said company to plaintiff was offered in evidence. This assignment, dated June 28, 1910, had not been recorded at the date of the trial. Subsequently to the making of said mortgage the premises covered thereby were conveyed to defendant's husband, and by him to her. Although the former conveyance was in express terms made subject to a first mortgage on said premises, no reference was made therein to the mortgage in suit, and defendant attempted to prove that she was ignorant of the existence of said mortgage when she purchased the property. The evidence was properly excluded. The mortgage had been duly recorded, and she was chargeable with notice thereof.

[2] In July, 1911, another action was commenced to foreclose this mortgage. At that time an agreement was entered into, by which,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

upon payment by defendant of all the costs which had accrued in that action and the sum of $150 in addition thereto and the assumption by her of the payment of the principal of said mortgage, the time for the payment of such principal was extended to August 20, 1912, and that action was discontinued. In January, 1912, this action was commenced, advantage being taken of a clause in the mortgage permitting the holder thereof to demand payment of the principal after default in the payment of any tax or assessment upon the property for sixty days after it became due and payable. Defendant had omitted to pay a tax upon the mortgaged property which became due on the first Monday of October, 1911. If the agreement for the forbearance of the mortgage debt until August 20, 1912, was based upon a usurious consideration, it was void, and consequently there was no valid extension thereof, and defendant was not liable upon her assumption of the mortgage debt, which was a part of the same agreement, and she is entitled to have the sum of $150, paid at that time, credited upon account of the principal. Ganz v. Lancaster, 169 N. Y. 357, 62 N. E. 413, 58 L. R. A. 151.

[3] The burden of proof was on defendant to establish this. If suspicious circumstances suffice for proof, it would not be difficult to give defendant the relief sought. When the prior foreclosure action was commenced, it was brought in the name of the Mortgage Securities Company, although, according to the written assignment, it had belonged to Hawkins, the plaintiff here, for more than a year. Hawkins was a stockholder of said company. The same attorney acted both for the Securities Company and Hawkins. When asked to explain why, if the mortgage at that time belonged to the latter, the action to foreclose was begun in the name of the former, his explanation was neither lucid nor satisfactory. It is true that, when the extension agreement was finally executed, Hawkins was a party thereto, and defendant testified that this same attorney told her that the bonus which she had agreed to pay and did pay was for Hawkins. When the attorney was called as a witness, he testified that the bonus of $150 and the whole of it was paid to the Mortgage Securities Company, and that Hawkins received no portion thereof. Just why the Securities Company should be paid $150 for procuring the extension of a mortgage which it had assigned a year before it is difficult to understand. Hawkins was not called as a witness. If he had been, and his books and those of the Mortgage Securities Company had been brought into court, perhaps more light would have been thrown upon this transaction, and there would have been less suspicion of the bona fides of the alleged assignment, and it would have more satisfactorily appeared who did receive the bonus paid. But there is no competent evidence in this record that Hawkins did receive it, or any portion of it. Even if we should reject the testimony of the attorney as unworthy of credence, we have nothing upon which we can base a finding to the contrary.

[4] With regard to the other points raised by appellant, it is sufficient to say that plaintiff as a junior incumbrancer was entitled to pay the interest due upon the prior mortgage for his protection, and, having done so, to be treated as the assignee of the claim. Twombly v.

Cassidy, 82 N. Y. 155; Patterson v. Birdsall, 64 N. Y. 294, 21 Am. Rep. 609. While it would have been courteous for plaintiff to call defendant's attention to the unpaid tax and request payment thereof before starting this action for foreclosure, he was under no legal obligation to do so. The mortgage did not in express terms require it, and the clause therein relating to notice may be referred to a case where notice of application for the appointment of a receiver is required.

[5] Even though the mortgage provides that such a receiver may be appointed without notice, the court is not bound thus to appoint, and in its discretion may require notice to be given. Jarmulowsky v. Rosenbloom, 125 App. Div. 542, 109 N. Y. Supp. 968.

We think that the judgment appealed from must be affirmed, but in the exercise of the discretion conferred upon us in an action of this nature such affirmance should be without costs.