ROCHESTER LUMBER COMPANY, Plaintiff, *v.* HAROLD P. DYGERT and Others, Defendants.

Supreme Court, Monroe County, March 15, 1930.

*Mann, Strang, Bodine & Wright*, for the plaintiff.

*Webster & Smith*, for the defendants.

RODENBECK, J. The judgment of the defendant Warren was docketed after the mortgage which is sought to be foreclosed, and before the note was indorsed by the plaintiff, for whose benefit the mortgage was given. There is no allegation in the answer that the plaintiff had notice of the lien of the judgment, and, under the circumstances of this case, there would be no priority of the lien of the judgment. Superiority of the lien of the judgment can be predicated only upon the asumption that the indorsement by the plaintiff was optional under the language of the mortgage, and that the plaintiff had actual notice of the lien of the judgment. (*Hyman* v. *Hauff*, 138 N. Y. 48.) The optional character of any future liability or advance under the mortgage must appear upon the face of the mortgage itself, and, unless it so appears, they will be accepted as obligatory, for the purposes of this motion. If the indorsement was obligatory, the lien of the judgment would be subsequent to that of the mortgage, and, if it was optional, it would be subsequent if the plaintiff had no notice of the judgment. The docketing of the judgment would not be constructive notice to the plaintiff, as the docketing is notice only to subsequent purchasers and incumbrancers. (*Ackerman* v. *Hunsicker*, 85 N. Y. 43, 49.) The question of consideration is not open to the defendant. (*Shea* v. *Campbell*, 71 Misc. 222, 228.) The defendant Warren is not a party or privy to the mortgage or note in question. This defense is a collateral and not a direct attack upon those instruments. There is no charge of fraud. Mortgages of the character of the one in question have been sustained as valid instruments and import a consideration and the indorsement of the note and payment thereof is a sufficient consideration for that transaction. (Neg. Inst. Law, § 51.)

The first and second separate defenses should be stricken out, with leave to the defendant to amend within ten days after the service of an order in accordance herewith, upon the payment of ten dollars costs of motion.