# In the Matter of the Estate of HENRY HARRIS, Deceased.

Surrogate's Court, Lewis County, October 14, 1935.

*Fred A. Young*, for the administrator.

*Harry W. Cox*, for the judgment creditor, Nelson Hayes.

*Fred W. Studer*, commissioner of public welfare.

MORAN, S.   Decedent, Henry Harris, a resident of the town of West Turin, Lewis county, died on March 22, 1934, the owner of a small farm of about sixty acres of land in the town of West Turin, with a small amount of personal property thereon.   Prior to his

death, and on December 2, 1932, the decedent, a man of advanced age, executed and delivered, pursuant to section 130 of the Public Welfare Law, to Fred W. Studer, as commissioner of public welfare of Lewis county, a bond and mortgage in the sum of $1,200, or so much thereof as may be advanced at any time by the mortgagee for relief or benefit of the mortgagor or on account of mortgagee's liability under the Public Welfare Law, with interest at four per cent per annum, which mortgage was duly recorded in the Lewis county clerk's office on December 3, 1932. Thereafter, Nelson Hayes, a creditor, took a judgment for the sum of $430.51 against the said Henry Harris, which judgment was perfected on December 30, 1932, and filed and docketed in the Lewis county clerk's office on December 31, 1932. The judgment was partially satisfied. From the stipulation in the record there remains a balance due and unpaid upon said judgment of the sum of $272, with interest from March 29, 1934. Sometime after the entry of the judgment the attorney for the judgment creditor, Nelson Hayes, personally notified the welfare commissioner of the county of Lewis of the entry of the judgment. The exact date of the notification does not appear, but it is conceded that at the time of notice to the commissioner he had advanced to Henry Harris, decedent, the sum of forty-five dollars to apply on the bond and mortgage. At the time of the death of the decedent, Henry Harris, Fred W. Studer, as welfare commissioner aforesaid, had advanced to the decedent the sum of $292.98.

The total assets of the estate of decedent, real and personal, amount to $665. After paying funeral expenses, taxes and expenses of administration, the balance of the estate amounts to the sum of $246.69, and it is this sum and its disposition with which we have to deal in this determination.

The law is well settled that mortgages for future advancements are valid, and where the obligation to advance exists, or where the right to decline depends upon facts *dehors* the instrument, and which may be the subject of dispute or contention, the holder of the mortgage is warranted in making the advances in reliance upon it. Where, however, it appears as a matter of law from an inspection of the instrument that the prior mortgagee may decline to make the advances at his pleasure, without taking the risk of subjecting himself to damages or loss, the lien of a mortgage will be postponed as to such advances made after knowledge of the existence of a subsequent lien. (*Hyman* v. *Hauff*, 138 N. Y. 48.)

The filing and entry of the judgment in itself in the Lewis county clerk's office was not sufficient notice to the mortgagee. (*Ackerman* v. *Hunsicker*, 85 N. Y. 43; *Rochester Lumber Co.* v. *Dygert*, 136 Misc. 292.)

The bond and mortgage in this case, while given for the sum of $1,200, was only intended to obligate the mortgagor for the money actually advanced by the commissioner, and it is conceded that the commissioner advanced only the sum of $292.98. No claim is made that the commissioner is liable to the estate of the decedent for the difference between the face amount of the mortgage and the amount advanced, nor that the commissioner would be liable for any loss or damages for failure to make advancements.

Therefore, the restriction to the rule as determined in *Hyman* v. *Hauff* (*supra*), that where the prior mortgagee subjects himself to damages by declining to perform or make the advancements as called for in the prior mortgage, does not apply here, and the judgment with actual notice to the mortgagee takes preference over any advances made by the commissioner to the decedent after the time of actual notice. The sum of forty-five dollars having been advanced by the commissioner to the decedent at the time of actual notice to the mortgagee by the judgment creditor, the mortgagee is entitled, from the balance of the assets of said estate, to the sum of forty-five dollars, with interest at four per cent, and the remaining assets of said estate shall be paid over to the judgment creditor to be applied upon his judgment.

Let decree be entered accordingly.