CATSKILL NATIONAL BANK AND TRUST COMPANY, Plaintiff, *v.* ANGELINE SAXE and HENRY W. BARKER. as Commissioner of Public Welfare of the Greene County Public Welfare District, Defendants.

Supreme Court. Greene County, September 17. 1940.

*Harold B. Platner*, for the plaintiff.

*Leonard A. Warren*, for the defendant Barker.

BERGAN, J. Under stipulated facts plaintiff moves for judgment. The principle approved in the dictum of *Hyman* v *Hauff* (138 N. Y. 48) is applicable, I think, to the facts of this case. It has been similarly applied (*Matter of Harris*, 156 Misc. 805). This rule, as stated from the English cases which gave it origin, is that the lien of a mortgage to secure future advances will be postponed, '' as to such advances as are made after knowledge of the existence of a subsequent mortgage, in favor of the holder of the latter '' (*Hyman* v. *Hauff*, *supra*, p. 54.) It was there further said of the application of the rule in this State (p. 55): '' When it appears as matter of law, from an inspection of the instrument, that the prior mortgagee may decline to make the advances at his pleasure, without taking the risk of subjecting himself to damages or loss, the rule can be defended upon equitable principles.''

An examination of the mortgage of defendant Barker discloses on its face an indebtedness by the mortgagor for $3,000. The actual

amount paid by the mortgagee to the mortgagor to August 13, 1940. was $164. The mortgage secures to the extent of its face value the amount of advances to be paid in the future by the mortgagee for the relief, benefit or account of the mortgagor " under the provisions of the Public Welfare Law." The ultimate obligation of the mortgagor at the maturity of the mortgage (1941) will be to pay only the amounts that have thus been advanced.

The instrument on its face imposes no obligation on the mortgagee, and allows the mortgagee to decline to make any advances at his pleasure unless compulsion may be spelled from the provisions of the Public Welfare Law itself. Under the terms of the instrument the mortgagee incurs no risk of damages at the suit of the mortgagor in declining to make such advances.

The statute imposes no obligation to make advances on old age assistance generally enforcible in an action at law by the mortgagor and no right arises under the statute to enforce the giving of such assistance by reason of the mortgage given to defendant Barker. With or without the mortgage, the legal situation of the mortgagor is the same and the ultimate obligation of the mortgagee will be only for that which is actually given to her in the way of assistance. Such relief may be withdrawn at any time that in the judgment of the public welfare officer the circumstances of the beneficiary change. His power in that respect may be exercised " for cause." (Pub. Welfare Law, § 124-e.).

Since neither the instrument nor the statute to which it refers imposes any contractual or statutory obligation upon the mortgagee to make advances to the mortgagor I think that the lien of this mortgage as to future advances is postponed to give priority to plaintiff's mortgage under the rule discussed in *Hyman* v. *Hauff* (*supra*).

It may well be, too, that the prayer for relief in the Barker answer that the property be sold subject to his lien for amounts which he may hereafter pay the mortgagor as well as those heretofore paid, brings the case within the rule protecting the rights of junior mortgagees. (*Frost* v. *Yonkers Savings Bank*, 70 N. Y. 553.) Where such mortgagee may be subjected to embarrassment, loss or damage by the act of a senior mortgagee, he may redeem the prior mortgage, *i. e.*, pay the amount presently required to satisfy it. As the court there pointed out (p. 557) this right probably does not exist except where some effort is made by the senior mortgagee to enforce his lien to the damage of the junior mortgagee, although some of the authorities seem to carry a broader implication. The rule is based on the doctrine of subrogation. (*Twombly* v. *Cassidy*. 82 N. Y. 155· *Cole* v. *Malcolm*, 66 id. 363:

*Patterson* v. *Birdsall*, 64 id. 294; *Hawkins* v. *Maxwell*, 156 App. Div. 31.)

Judgment for plaintiff  Out of the proceeds of the sale $164 is first to be paid to defendant Barker and due protection provided for the postponed lien of said defendant.

Submit decision and judgment.