In the Matter of the Accounting of Louise Henke, as Administratrix of the Estate of Elsa Henke, Deceased.

Surrogate's Court, Queens County, April 19, 1948.

*Joseph Mafera* for administratrix.

*Power & Hopkins* for J. B. Palmiera & Co., creditor.

*Mortimer M. Kassel* for State Tax Commission.

SAVARESE, S. This is a proceeding to settle judicially the account of the administratrix of a decedent who died on July 28, 1948, leaving her mother as sole distributee. The estate is insolvent, the account showing a balance of $938.47 now on hand and unpaid claims aggregating $2,709.05. The United States asserts a claim of $527.20 for unpaid income taxes for the year 1946. The State of New York asserts a claim of $316.96 for unpaid income taxes for the years 1940 through 1946. J. B. Palmeira & Co. has filed a claim for the balance of $675 still due on a judgment against the decedent docketed on March 9, 1945, in Kings County. The other creditors are unsecured and claim no preference. The issue is the order of priority among the three named creditors as there is not enough on hand to pay all of them in full.

The statutory preference of the United States is superior to the common-law sovereign priority of the State of New York. (U. S. Code, tit. 31, § 191; Surrogate's Ct. Act, § 212; *New York* v. *Maclay*, 288 U. S. 290; *United States* v. *Texas*, 314 U. S. 480; *Illinois ex rel. Gordon* v. *Campbell*, 329 U. S. 362; *Matter of Lincoln Chair & Novelty Co.*, 274 N. Y. 353; *Matter of Gruner*, 295 N. Y. 510.) It is also superior to the claim of a judgment creditor, at least where there is no real property and no execution has been levied on personal property of the debtor. (*Thelusson* v. *Smith*, 2 Wheat. [U. S.] 396; *Conard* v. *Atlantic Ins. Co.*, 1 Pet. [U. S.] 386, 441; *Marshall* v. *New York*, 254 U. S. 380; *Matter of Gruner, supra.*)

The claim of the State of New York is entitled to preference over that of an unsecured creditor. (*Matter of Carnegie Trust Co.*, 206 N. Y. 390.) A judgment creditor of a debtor who has no real property, as here, is unsecured until he creates a lien by levying execution on specific personal property of the debtor. (Civ. Prac. Act, §§ 509, 510, 679; *Baker* v. *Hull*, 250 N. Y. 484; *Bartol* v. *Bennett*, 56 N. Y. S. 2d 314; cf. *Matter of Gruner, supra*, as mod. on retrial 74 N. Y. S. 2d 38.)

*Knight* v. *Knight* (272 App. Div. 499) is not to the contrary. There the Appellate Division, First Department, held, by a closely divided court, that an assignee of the debtor's wages was in the position of a pledgee so as to entitle the assignee to priority over the claim of the United States to the wages. Here the judgment creditor is not secured. It has no lien whatever on the assets of this decedent.

The claim of the accountant for professional services rendered to the estate is allowed in the sum requested. Compensation of counsel for all services rendered to the estate up to and including the entry of the decree herein is fixed and allowed in the sum requested. Account settled. Submit decree on notice in accordance with the above.