EDWARD TYMON, Plaintiff, *v.* LESTER P. McARDLE, Defendant.

Supreme Court, Special Term, Queens County, September 7, 1955.

*I. Louis Winokur* for plaintiff.

*Ellwyn F. Hayslip* for defendant.

SAMUEL RABIN, J. Motion by the plaintiff for leave to reargue the dismissal of his complaint upon defendant's motion, and upon such reargument vacating the order and denying said motion.

The action is by the assignee of a contract-vendee to compel the defendant, the owner of certain transfers of tax liens issued by the City of New York affecting the real property which plaintiff's assignor had contracted to buy, to accept payment of the amounts owing upon the transfers of tax liens described in the complaint, and upon such payment that defendant execute and deliver to plaintiff assignments thereof.

In dismissing the complaint, this court observed in its memorandum that the plaintiff lacked capacity to sue since " he may never be the owner of the property in question " and that the case of *Twombly* v. *Cassidy* (82 N. Y. 155) was distinguishable in that there the junior lienor was being sued and was, therefore, compelled to protect his interest. The court also

noted that plaintiff had already commenced an action against the owner of the property in question to compel the specific performance of the contract for its sale, but overlooked the fact that the defendant had also commenced an action against the owner to foreclose the transfers of tax liens affecting the premises involved. The pendency of that action brought this case within the ambit of *Twombly* v. *Cassidy* (*supra*).

As was stated by the Appellate Division, Third Department, in *Matter of Ryan* (216 App. Div. 619, 621): "The principle is well established in this State that when the owner of a senior mortgage is seeking to enforce collection by foreclosure, the holder of a junior mortgage is entitled to redeem and to be subrogated to the rights of the holder of the senior mortgage and may, upon tender of the amount due, with interest and costs, compel an assignment of the mortgage to him."

Mr. Justice BERGAN put it this way in *Catskill Nat. Bank & Trust Co.* v. *Saxe* (175 Misc. 501, 503): "Where such mortgagee may be subjected to embarrassment, loss or damage by the act of a senior mortgagee, he may redeem the prior mortgage, *i.e.*, pay the amount presently required to satisfy it. As the court * * * pointed out [in *Frost* v. *Yonkers Sav. Bank,* 70 N. Y. 553, at p. 557] this right probably does not exist except where some effort is made by the senior mortgagee to enforce his lien to the damage of the junior mortgagee, although some of the authorities seem to carry a broader implication."

And so in the case at bar, the plaintiff "may be subjected to embarrassment, loss or damage by the act" of the defendant in foreclosing his transfers of tax liens which are senior to plaintiff's equitable rights under his contract. Although the foregoing cases all involved the right of a junior mortgagee to redeem a senior mortgage upon payment of the amount thereof and to compel its assignment if a tender duly made is rejected, the equitable principles involved should apply with equal force to one having a contract to purchase the property. (See 83 C. J. S., Subrogation, § 31, p. 631.)

The fact that the plaintiff is only a contract-vendee, seeking in a separate action specifically to enforce his rights under the contract, should not deprive him of his right to protect his equitable interest in the property, which has been put in real danger and in need of protection by the pendency of the action to foreclose the transfers of tax liens. The interest of a plaintiff bringing an action such as this need not be absolute. It has been held that "A contingent interest in property may be thus protected." (*Mahnk* v. *Blanchard,* 233 App. Div. 555, 559,

citing *Pease* v. *Egan,* 131 N. Y. 262.) However, the action for specific performance should be first tried and determined and, indeed, upon the oral argument herein, it was so agreed, and the attorney for the plaintiff in that action was to place the same upon the calendar for the next available term.

Accordingly, reargument is granted and upon reargument, the original decision withdrawn and the order made thereon vacated. The motion to dismiss the complaint is in all respects denied, with leave to the defendant to serve his answer within ten days of the service of a copy of the order to be entered hereon with notice of entry thereof.