George D. Ogden, J.
Plaintiff seeks to foreclose a certain open-end mortgage given by the mortgagor builder to secure *150 voluntary future advances; the advancement of moneys under the said mortgage was discretionary with the plaintiff lending institution. After the plaintiff disbursed $7,440 of the funds available, the mortgagor builder executed a second mortgage which was subsequently assigned to and is now held by the defendant Leonid G. Garth. After the execution and the recording of the second mortgage, the plaintiff advanced the sum of $589.31 (plaintiff in its memorandum states the sum was disbursed to itself to cover accumulated arrearages and principal and interest) and the additional sum of $970.69 to the mortgagor builder. The parties now seek to determine their respective priorities.
Ordinarily the priority of a mortgage to secure future advances depends upon the character of the liability assumed by the mortgagee. The rule is established that if it is optional with the mortgagee to make or refuse the advances, he will be protected by the security of his mortgage only as to the advances made before the attaching of the junior lien or incumbrance. On the other hand, if the mortgagee is contractually bound to make the advances in any event, his mortgage has priority as to the advances made after, as well as before, the junior liens or incumbrances attach. (Hyman v. Hauff, 138 N. Y. 48; Roslyn Sav. Bank v. Merz, 11 N Y 2d 832, affg. 13 A D 2d 550; Catskill Nat. Bank & Trust Co. v. Saxe, 175 Misc. 501; Matter of Harris, 156 Misc. 805; Ackerman v. Hunsicker, 85 N. Y. 43.) Both parties in their memoiand'a of law rely on the aforesaid precedents ; the rule was also set forth in New York & Suburban Fed. Sav. & Loan Assn. v. Fi-Pen Realty Co. (133 N. Y. S. 2d 33) — the facts differ, however, in that the lender was held justified in refusing to make further advances under the agreement until certain subsequent liens and incumbrances were subordinated or discharged of record; the theory apparently being that if advances were made they would be subordinate to the subsequent liens and incumbrances.
Plaintiff in its brief concedes that defendant Garth is entitled to priority as to the sum advanced to the mortgagor builder after notice of the junior lien, and defendant Garth in his brief appears to concede plaintiff is entitled to priority for the sum advanced prior to notice of the junior lien. Thus the dispute appears to concern whether plaintiff is entitled to a priority for the sum advanced to itself after notice of the junior lien to cover accumulated arrearages and principal and interest.
It has been held that the indebtedness secured by the usual bond and mortgage consists of principal, interest and other sums advanced by the mortgagee to protect his security. *151 (Central Hanover Bank & Trust Co. v. Roslyn Estates, 266 App. Div. 244, affd. 293 N. Y. 680.) However, in Hyman v. Hauff (supra) and Matter of Harris (supra) the court seems to establish the rule that a payment is voluntary if the mortgagee would not be subject to damages if the payment, or advance, was not made. Since the plaintiff herein would not be subject to damages if it had not made the payment to itself, the payment to itself is voluntary and plaintiff is not entitled to priority for the amount of the payment.
The question of adequate notice was not raised by the plaintiff.
From the proceeds of the sale to be held herein, the Referee is directed to pay:
First: The costs and disbursements of the foreclosure action; action ;
Second: The amount advanced on plaintiff’s mortgage to
the time of the recording of defendant Leonid G. Garth’s second mortgage, with interest thereon ;
Third: The amount due on the second mortgage of defendant Leonid G. Garth, with interest ;
Fourth: The amount advanced under plaintiff’s first mortgage subsequent to the recording of defendant Leonid G. Garth’s second mortgage, whether such advancement was to plaintiff, or another, with interest; all without costs of this motion.