John D. Bennett, S.
In this proceeding to sell real property the court, by decision dated March 19, 1964, directed a sale in accordance with the contract annexed to the administratrix ’ petition and a deposit of the proceeds from the sale, subject to the further order of this court.
This is an insolvent estate and the only asset is the equity in this real property. The sale price is $14,000 from which a first mortgage in the approximate amount of $5,000 must be satisfied.
The creditors’ claims far exceed the net assets of the estate and the order of priority among the named creditors must be determined.
The United States of America, the New York State Tax Commission, the New York State Industrial Commissioner, the Nassau County Department of Public Welfare and the judgment holders are the creditors. The Nassau County Department of Public Welfare holds a second mortgage on the real property, recorded on July 2, 1956 in the face amount of $7,500, but in the actual amount of $345.60, representing public assistance granted to the deceased from April 9, 1956 to July, 1956. No further advances were made under this mortgage prior to the decedent’s death. The department claims its mortgage takes preference over the other claims except for that of the United States of America, in the amount of $1,436.24, assessed on July 5,1955. The Nassau County Department of Public Welfare claims preference over the balance of the claims of the United States of America totaling $18,747.57, assessed on September 20, 1960.
The United States of America contends that this second mortgage, given for future advances, gave a preference to one creditor over other creditors. However, it is well settled that mortgages for future advances are valid, and where it appears as a matter of law from an inspection of the instrument that the prior mortgagee may decline to make advances at his pleasure, without taking the risk of subjecting himself to damages or loss, the lien of the mortgage will be postponed as to such advances made after knowledge of the existence of a subsequent lien (Matter of Harris, 156 Misc. 805, citing Hyman v. Hauff, 138 N. Y. 48; Catskill Nat. Bank & Trust Co. v. Saxe, 175 Misc. 501). In this case the advances under the Nassau County Department of Public Welfare’s mortgage in the amount of $345.60 were made prior to notice of the claim *34 of the United States of America, and are therefore preferred over the balance of the Federal Government’s claim.
The next question of priority concerns the claims of the Industrial Commissioner of the State of New York for unemployment insurance taxes, warrants for which were filed in the Nassau County Clerk’s office on September 11, 1959 for $294.05; on March 18, 1960 for $530.23, and on July 1, 1960 for $46.75; the claim of the State Tax Commission for withholding taxes, a warrant for which was filed on July 1, 1960 for $324.30; and the claims of the United States of America for taxes assessed on September 20, 1960, totaling $18,747.57. (All parties concede that the assessment of the United States of America dated March 8, 1955, in the amount of $1,436.24, is prior in right to their claims.)
The State Tax Commission and the Industrial Commissioner of the State of New York both contend that their prior filing of their warrants in the Nassau County Clerk’s office entitle them to preference over the United States of America and base their contention on the Lien Law of the State. However, we have before us an insolvent estate, and section 212 of the Surrogate’s Court Act expressly provides that the “ Debts entitled to a preference under the laws of the United States and the state of New York ” are to be first paid. Section 191 of title 31 of the United States Code provides: ‘ ‘ Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied ’ ’.
The debts due the United States are superior to the claims of the State Tax Commission and the Industrial Commissioner of the State of New York (Matter of Reynolds, 38 Misc 2d 278; Matter of Henke, 193 Misc. 52; Matter of McCormick, 171 N. Y. S. 2d 642).
To recapitulate, after the payment of administration expenses, including the attorneys’ fees to be fixed hereafter, the claim of the United States of America in the amount of $1,436.24, plus interest, will be first paid; the claim of the Nassau County Department of Public Welfare, in the amount of $345.60, plus interest, will be paid, and the balance remaining will be paid to the United States of America, to apply toward their claim of $18,747.57, plus interest. This will consume the funds available for payment of debts,