No. 22429.
No. 22514.

James Singleton Kimmel *v.* Homer W. Batty.
(451 P.2d 751)

Decided March 24, 1969.

432

PEHR and NEWMAN, WILLIAM PEHR, for plaintiff in error.

ROBERT W. JOHNSON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.*

*Retired Supreme Court Justice sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

In this action we are called upon to determine the priority of certain liens affecting real estate in El Paso county owned by Homer W. Batty.

On July 10, 1961, a promissory note for $11,500 and a deed of trust securing payment thereof were signed by Batty and his wife and delivered to Midland Federal Savings and Loan Association. The deed of trust was duly recorded and became a first lien upon the real estate described therein. The promissory note and deed of trust contained a provision that Mr. and Mrs. Batty

"* * * promise to pay to Midland Federal Savings and Loan Association * * * such additional sums as may be advanced by said Association at its option to the makers or their successors in title. * * * In the event of an additional advance hereon, such monthly payments shall continue in an amount to be agreed upon at the time of such advance with interest at the rate then agreed upon."

The deed of trust contained the following:

"And, whereas said note provides for additional advances at the option of said Association, it is specifically agreed that such advances shall be a part of the principal indebtedness, that all of the covenants and agreements evidencing such advances shall be a part hereof, that this deed of trust shall secure, in addition to the original indebtedness, any additional advances made by the said Association to the makers or their successors in title."

The chronology which is pertinent to the issue presented for our determination includes the following:

On July 10, 1961, the above mentioned deed of trust was duly recorded.

On September 27, 1963, in the district court of Adams county, James Singleton Kimmel recovered judgment against Batty in the amount of $22,208.64.

On October 18, 1963, Midland Federal Savings and Loan Association made an additional advancement to Batty increasing the principal sum due under the previously executed note by the amount of $3,349.95.

On October 21, 1963, a transcript of the judgment

recovered by Kimmel against Batty was recorded in El Paso county.

On October 22, 1963, the "advancement agreement" between Batty and Midland was recorded in El Paso county.

A stipulation was entered into between the parties, the effect of which was to submit the case for determination upon an agreed statement of facts. It was agreed that in the event that the Midland deed of trust is a lien with priority over the judgment lien of Kimmel, including the advancement made by Midland on October 18, 1963, then the sum of $3,500 deposited with the clerk of the trial court should be paid to Batty unless his failure to disclose to Midland the fact that Kimmel had attained judgment against him prevents him from benefiting from the innocence of Midland. If, however, the judgment lien of Kimmel is entitled to priority over the amount advanced on October 18, 1963, by Midland to Batty on the "open-end" deed of trust, then the $3,500 on deposit with the clerk of the district court should be paid to Kimmel. In this posture of the case Midland Federal Savings and Loan Association has been eliminated following a sale of the real estate and an agreement that the proceeds derived therefrom should be distributed in accordance with final determination of the question concerning the priority of the liens as between the "open-end" deed of trust and the judgment lien.

The trial court sustained the motion for summary judgment filed by Batty, the effect of which was to sustain the priority of the "open-end" note and deed of trust including the advancement made by Midland on October 18, 1963, over the judgment lien of Kimmel.

We direct attention to certain admitted facts which have special significance:

1. Under terms of the note and deed of trust Midland was not contractually obligated to make advances in any amount. Advances would be made by Midland "at its option."

2. On October 18, 1963, when Midland actually made the advancement of the additional sum of approximately $3,500, it had no actual notice of the judgment secured by Kimmel.

3. No constructive notice of the Kimmel judgment became effective until October 21, 1963, which was three days after the advancement had been made by Midland.

4. Recording of the advancement agreement was not made until the day following the recording of the judgment.

5. On the date the advancement was made, Batty signed a statement that the real estate was then "free and clear of any liens except the above described deed of trust." He further failed to disclose that a judgment had been obtained against him.

QUESTION TO BE DETERMINED

*Under the facts hereinabove set forth, does the lien created by the recording on July 10, 1961 of the "open-end" deed of trust extend to and provide security for payment of the additional advancement made on October 18, 1963, with a priority senior to that of the judgment recorded by Kimmel on October 21, 1963?*

 The question is answered in the affirmative. In the instant action it is admitted by all counsel that a trust deed or a mortgage given to secure payment of an indebtedness may include advances to be made in the future. The position of a mortgagee is strengthened if the instrument creating the lien places a limit upon the amount of and the time within which future advances are to be made. It is universally held that where a mortgagee is obligated to make advances he will be protected in his security for the full amount of such advances whether made before or after an intervening lien attaches, and in most jurisdictions it is immaterial whether he had notice of the intervening lien prior to making such advancement. See *Lumber and Builders Supply Co. v. Ritz,* 134 Cal. App. 607, 25 P.2d 1002; 36 Am. Jur. *Mortgages* § 235; 59 C.J.S. *Mortgages* § 230; *First Federal*

*Savings and Loan Association of Rochester v. Green Acres Bldg. Corp.* 236 N.Y.S.2d 1009. In the case last cited it was held that under a mortgage to secure future advances,

"* * * if it is optional with the mortgagee to make or refuse the advances, he will be protected by the security of his mortgage only as to the advances made before the attaching of the junior lien or incumbrance."

We approve this rule.

In the instant action the advancement made by Midland was in fact made three days prior to the recording of the judgment obtained by Kimmel. It is admitted that Midland had no actual knowledge that a judgment had been obtained against Batty. At the time the advancement was actually made there was no constructive notice to Midland concerning the existence of the judgment and no lien based thereon had attached. The crucial time under these circumstances is the date upon which the advancement was made, and the fact that the judgment was recorded one day prior to the recording of the advancement agreement does not operate to give priority to Kimmel over the deed of trust to the extent of the advancement. 36 Am. Jur. *Mortgages* § 235 (1941, Cum. Supp. 1968 at 134).

A question of estoppel has been raised here for the first time based upon the failure of Batty to inform Midland of the existence of the Kimmel judgment when he secured the advancement of $3500. No issue was framed on this question and we do not consider it now. Estoppel is an affirmative defense and must be set forth as a part of the pleadings. R.C.P. Colo. 8 (c).

The judgment is affirmed.

MR. JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.